**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000712**
**05-FEB-2026**
**08:16 AM**
**Dkt. 83 SO**

NO. CAAP-23-0000712

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARIA LUISA ESPINA, Plaintiff-Appellee, v.
RONALD SENO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV191006856)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

Self-represented Defendant-Appellant Ronald Seno (**Seno**) appeals from the October 6, 2023 Order Imposing Sanction (**Sanctions Order**) entered by the Family Court of the First Circuit (**Family Court**).[1]

Liberally construing Seno's opening brief (denominated as Opening Statement of [Seno]), Seno generally contends, *inter alia*, that the Family Court erred and abused its discretion in sanctioning Seno for failing to comply with the Family Court's June 14, 2023 Motion to Set Order (Pretrial Order No. 1) (**Pretrial Order**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Courtney N. Naso presided.

the arguments advanced and the issues raised, we resolve this appeal as follows:

As a preliminary matter, we note that under the collateral order doctrine, a party may immediately appeal from a sanctions order if the party is "in immediate jeopardy of being found in contempt of court if [it] did not comply with the order directing payment of the assessed sum." Siangco v. Kasadate, 77 Hawaiʻi 157, 161-62, 883 P.2d 78, 82-83 (1994) (internal quotation marks omitted). "A sanction order against a party is immediately enforceable through contempt proceedings only if the sanction order requires the party to pay the sanction in a specific amount by a specific day[.]"). Food Plan. Serv. Haw., Inc. v. Su Send Chang Tran, No. CAAP-18-0000359, 2018 WL 4579896, at *2 (App. Sept. 25, 2018) (Order). The Sanctions Order sanctioned Seno in a specific amount, payable by a date certain. Thus, this court has appellate jurisdiction.

Seno challenges the Sanctions Order based on various arguments. "Hawaiʻi courts have the inherent power and authority to control the litigation process before them and to impose sanctions for abusive litigation practices. However, a trial court must exercise its inherent power to impose sanctions with restraint and discretion." LaPeter v. LaPeter, 144 Hawaiʻi 295, 309, 439 P.3d 247, 261 (App. 2019) (citations and internal quotation marks omitted). "The sanctioning order should set forth findings that describe the perceived misconduct with reasonable specificity, and **it must state the sanctioning authority**." Erum v. Llego, 147 Hawaiʻi 368, 392, 465 P.3d 815, 839 (2020) (emphasis added); see also LaPeter, 144 Hawaiʻi at

2

309, 439 P.3d at 261 (sanction orders must inform the party of the authority for the sanction).

The Family Court states in its January 11, 2024 Findings of Fact and Conclusions of Law that it sanctioned Seno because he

> did not file a (1) Settlement Conference Statement, (2) Property Allocation Chart, (3) Updated Asset & Debt Statement, (4) Updated Income and Expenses Statement, (5) proposed Child Support Guidelines Worksheet, nor did he submit a (6) Confidential Settlement Letter to the Court, which were all due to be filed or submitted to the Court on or before September 28, 2023[.]

The Sanctions Order cites Hawaiʻi Family Court Rules (**HFCR**) Rule 89 and Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**) Rule 15. HFCR Rule 89 and RCCH Rule 15 collectively authorize sanctions for an attorney's failure to notify the court of a settlement, to timely submit court documents, or to timely appear at a hearing. However, Seno is not an attorney; he is self-represented. HFCR Rule 89[2] and RCCH Rule 15[3] do not authorize the sanctions imposed. As the cited

---

[2]    HFCR Rule 89 provides:

> **Rule 89.    EXPEDITION OF COURT BUSINESS: SANCTIONS.**
>      **(a)    Required notice.** Attorneys shall advise the court promptly if a case is settled. An attorney who fails to give the court such prompt advice may be subject to such sanction as the court deems appropriate.
>      **(b)    Submission of documents, adherence to court policy.** An attorney who, without good cause, fails to submit documents in a timely manner in accordance with these Rules, or who fails to adhere to these Rules or applicable statutes, may be subject to such sanction as the court deems appropriate.
>      **(c)    Effect of failure to appear or tardiness.** An attorney who, without good cause, fails to appear or is tardy when the attorney's case is before the court on call, motion, pre-trial or trial or who unjustifiably fails to prepare for a presentation to the court necessitating a continuance, may be subject to such sanction as the court deems appropriate.

[3]    At the time the Sanctions Order was entered, RCCH Rule 15 provided (a subsequent rule change was ministerial):

(continued...)

rules authorize sanctions only against attorneys, and do not authorize imposition of sanctions against a self-represented party, we conclude that the Family Court erred in entering the Sanctions Order against Seno.

According, the Family Court's October 6, 2023 Sanctions Order is reversed.  IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, February 5, 2026.

On the brief:                        /s/ Karen T. Nakasone
                                     Chief Judge
Ronald Seno,
Defendant-Appellant, pro se.         /s/ Katherine G. Leonard
                                     Associate Judge

                                     /s/ Kimberly T. Guidry
                                     Associate Judge

---

[3](...continued)
> **Rule 15. EXPEDITION OF COURT BUSINESS.**
>     **(a)  Required notice.**  Attorneys shall advise the court promptly if a case is settled. An attorney who fails to give the court such prompt advice may be subject to such discipline as the court deems appropriate.
>     **(b)  Effect of failure to appear.**  An attorney who, without just cause, fails to appear when the attorney's case is before the court on a call or motion or on pre trial or trial, or unjustifiably fails to prepare for a presentation to the court necessitating a continuance, may be subject to such discipline as the court deems appropriate.

4